UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEREMY J. RUFFIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1007** |
| **ORLEANS PARISH SHERIFF'S OFFICE** | **SECTION "N"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Factual and Procedural Background

The plaintiff, Jeremy J. Ruffin ("Ruffin"), was an inmate housed in the Templeman Jail within the Orleans Parish Prison system ("OPP") at the time of the filing of this *pro se* complaint under 42 U.S.C. § 1983. The plaintiff filed his complaint against the Orleans Parish Sheriff's Office, although he failed to include any basis for bringing the action. Ruffin also did not submit a filing fee or an application to proceed *in forma pauperis* with his complaint.

### II.   Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been

responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, the plaintiff is without counsel and is responsible for the prosecution of his case. A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 Fed. App'x 459, 462 (5th Cir. 2007). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

**III. Analysis**

As indicated above, Ruffin's complaint was submitted without the filing fee or a request from him to proceed *in forma pauperis*. By notice dated April 2, 2015, the Clerk of Court notified Ruffin that he was required to either pay the filing fee or complete a certified pauper application.[1] The Clerk of Court mailed this notice to Ruffin at the address he provided on the complaint. The envelope was returned as undeliverable, marked "Return to Sender - Unable to Forward."[2] The Clerk of Court's staff contacted the prison and was advised that Ruffin had been released with a last known address of 650 Bellemeade, Gretna, La., 70056.

---

[1] Rec. Doc. No. 2.

[2] Rec. Doc. No. 3.

On April 28, 2015, the Clerk of Court mailed a second deficiency notice to Ruffin at the Gretna address, and the envelope was returned as undeliverable, marked, "Return to Sender - Insufficient Address - Unable to Forward."[3]  A duplicate copy of the second deficiency notice also was mailed to Ruffin at the original OPP address and was returned as undeliverable, marked "Return to Sender - Unable to Forward."[4]

On June 9, 2015, the undersigned issued an Order requiring Ruffin to show cause on or before July 1, 2015, why his complaint should not be dismissed for his failure to comply with the Clerk's deficiency notice by paying the filing fee or submitting a pauper application.[5]  The Clerk of Court mailed copies of the Order to Ruffin at both the Gretna address and the original OPP address. The envelope sent to the Gretna address was returned as undeliverable, marked "Return to Sender - Insufficient Address - Unable to Forward."[6] The envelope sent to the OPP address was also returned as undeliverable, marked "Return to Sender - Not Deliverable as Addressed - Unable to Forward."[7]

The notices of deficiency and the Court's Order were mailed to Ruffin at the address he provided to the Court and the address ascertained from the prison to no avail.  All litigants are obligated to keep the Court advised of any address change. Local Rules 11.1 and 41.3.1. Ruffin was also made aware of this continuing obligation in the Plaintiff's Declaration on page five of his

---

[3] Rec. Doc. Nos. 4, 6.

[4] Rec. Doc. No. 5.

[5] Rec. Doc. No. 7.

[6] Rec. Doc. No. 8.

[7] Rec. Doc. No. 9.

complaint which he signed on March 16, 2015.[8]  In spite of this, Ruffin still has not notified the Clerk's Office or the Court that he has been released from jail or provided his current address.

Ruffin has not provided the filing fee or pauper application required to prosecute his case and has not otherwise contacted the Court about his case since its submission for filing. Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV.     Recommendation

It is therefore **RECOMMENDED** that Ruffin's § 1983 complaint against the Orleans Parish Sheriff's Office, be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[9]

New Orleans, Louisiana, this 21st day of July, 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Rec. Doc. No. 1, page 5.

[9] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.